UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York Immigration Coalition; and Immigrant Justice Corps,<br><br>Plaintiffs,<br><br>-against-<br><br>U.S. Citizenship and Immigration Services,<br><br>Defendant. | Civil Action |

## COMPLAINT FOR INJUCTIVE RELIEF

Plaintiffs New York Immigration Coalition and Immigrant Justice Corps ("NYIC" and "IJC" respectively, and together, "Plaintiffs"), by and through their undersigned counsel Cleary Gottlieb Steen & Hamilton LLP, bring this action against Defendant U.S. Citizenship and Immigration Services ("USCIS" or "Defendant"), and hereby allege the following:

## NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking improperly withheld records vital to maintaining the transparency of the United States' immigration policies and practices and the accountability of the federal government in adopting and implementing those policies. Specifically, in May 2018, Plaintiffs requested important information about the processing and adjudication of Employment Authorization Documents, otherwise known as "work permits" from USCIS (the "FOIA Request"). But in violation of FOIA, USCIS failed to produce the requested records within twenty business days. In fact, USCIS has failed to produce the requested records for more than one year. Therefore, Plaintiffs bring this action for injunctive and other appropriate relief in order to obtain speedy

enforcement of their statutory right to obtain prompt disclosure of the information they seek.

## PARTIES

2.     Plaintiff NYIC is a policy and advocacy organization that represents and serves nearly 200 groups in New York State working with immigrants and refugees.  NYIC researches, generates and supports advocacy around issues related to immigration.  It also works with national immigration advocacy groups to develop policy guidance and oversight in the ever-changing context of immigration law.  NYIC's targeted research and advocacy enables legal service providers, community members and policymakers to address the needs and gaps in services to immigrants living in New York State.

3.     Plaintiff IJC is a fellowship program dedicated to improving immigrants' access to quality legal services.  IJC believes that quality legal assistance is the most direct intervention available to help lift immigrant families out of poverty, and has placed fellows at forty-two non-profit organizations across twenty-six cities in nine states, including New York State, to deliver this intervention.  Since 2014, IJC fellows have assisted over 49,000 immigrants including U.S. citizens and Lawful Permanent Resident spouses, parents and children.

4.     Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS") and a department within the executive branch of the United States government.  USCIS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(l).

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.     This Court has the authority to grant declaratory relief pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because Plaintiffs reside in the district. NYIC's principle place of business is its headquarters at 131 W. 33rd St. Ste. 610, New York, NY 10001. IJC's principle place of business is its headquarters at 17 Battery Pl. Ste. 236, New York, NY 10004.

## STATUTORY FRAMEWORK

8. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A). FOIA "adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Halpern* v. *F.B.I.*, 181 F.3d 279, 286 (2d Cir. 1999).

9. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on federal government agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

10. An agency must comply with a FOIA request by issuing a determination within twenty business days after receipt of the request. *Id*. § 552(a)(6)(A)(i).

11. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. *Id*. § 552(a)(6)(A)(i).

13. An agency must make a determination on appeal within twenty business days after receipt of the appeal. *Id*. § 552(a)(6)(A)(ii).

14. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *Id*. § 552(a)(4)(B).

**PLAINTIFF'S FOIA REQUEST**

15. Through their work in immigrant communities, Plaintiffs NYIC and IJC have recently noticed a pervasive and inexplicable delay in USCIS's adjudication of applications for initial and renewed work permits. What was once a relatively formulaic approval process has become unpredictable and protracted. This change jeopardizes the financial stability, community engagement and housing security of Plaintiffs' clients and diverts limited organizational resources away from Plaintiffs' other services. NYIC and IJC are gravely concerned by the unexplained increase in processing time and want to understand the source of this change.

16. On May 14, 2018, Plaintiffs filed the FOIA Request with both USCIS (attached as Exhibit A) and DHS (attached as Exhibit B). The FOIA Request seeks copies of any and all records issued by USCIS and/or DHS, or used by USCIS and/or DHS, from 2016 to the present, relating to:

"(i) the processing and adjudication of Applications for Employment Authorization Documents (Forms I-765 and I-765 V), otherwise known as 'work permits'; and

(ii) the distribution, mailing, or any other form of delivery of Employment Authorization Documents (Form I-766), and related documents and/or correspondence to applicants."

17. The FOIA Request defines the term "records" to include:

"[A]ll records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training manuals, and studies."

## DEFENDANT'S INSUFFICEINT RESPONSE

18. On May 16, 2018, DHS acknowledged receipt of the FOIA Request and transferred it to USCIS (attached as Exhibit C).

19. By letter dated May 25, 2018, USCIS explained that DHS received the FOIA Request and decided that the documents requested fall under the purview of USCIS (attached as Exhibit D). USCIS provided a control number for reference and invoked a ten-day extension for responding to the FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(B).

20. By separate letter also dated May 25, 2018, USCIS stated that it had received Plaintiffs' FOIA Request addressed to USCIS and provided another control number (attached as Exhibit E). The letter also stated that the statutory time limits for processing the request would need to be extended beyond the ten working days due to "unusual circumstances." The letter failed to explain what these "unusual circumstances" were, why they necessitated a delay, and when Plaintiffs might expect to receive the information requested.

21. On April 24, 2019, after almost a year of waiting for a substantive response from USCIS, Plaintiffs filed an appeal from USCIS's constructive denial of the FOIA Request (attached as Exhibit F). The appeal also explained that even if USCIS's invocation of an extension were proper, USCIS was still in violation of FOIA because the information requested was due June 28, 2018 (i.e., 30 business days from May 16, 2018). The appeal further explained that USCIS's failure to respond to the FOIA Request by this deadline served as a constructive denial of the FOIA Request, and Plaintiffs are therefore deemed to have exhausted their administrative remedies.

22. In their appeal, Plaintiffs again requested that USCIS search for records responsive to the FOIA Request if it had not already done so. *See* Ex. F.

23. USCIS denied the appeal by letter dated April 30, 2019 (attached here as Exhibit

G) on the ground that USCIS's failure to timely respond to the FOIA Request was not subject to an appeal "since no specific material has been denied in response to the request." *See* Ex. G.

24. Incongruously given that USCIS has not responded within the requisite twenty days, the next sentence of the denial letter acknowledged that the FOIA "provides that a requester shall be deemed to have exhausted his or her administrative remedies if an agency fails to respond within the applicable time limit specified in the paragraph, which is twenty days." *See* Ex. G.

25. Instead of acknowledging the violation and remediating it, USCIS claimed that the FOIA Request was still being processed and that "the lack of a substantive response to date is not the same as a response indicating that no documents were found." *See* Ex. G. Again, USCIS acknowledged the FOIA's time requirements, which necessitate a substantive response within twenty days and only allow for a limited ten day extension.

26. It has been more than a year since Plaintiffs filed the FOIA Request, and Plaintiffs have yet to receive a substantive response from USCIS. Plaintiffs have also exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) by appealing USCIS's constructive denial. *See* Ex. F. Plaintiffs have no other recourse left but to pursue this action, as it is clear that USCIS will not timely provide the requested information without this Court's intervention. *See* Ex. G.

## CAUSE OF ACTION
(Violation of FOIA, 5 U.S.C. § 552)

27. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 26 of this complaint.

28. Defendant's failure to make promptly available the records sought by Plaintiffs' FOIA Request violates FOIA, 5 U.S.C. § 552.

29. Defendant's failure to conduct a reasonable search for the records sought by Plaintiffs' FOIA Request violates FOIA, 5 U.S.C. § 552.

30. Plaintiffs have exhausted all administrative remedies with respect to the FOIA Request.

31. There is a justiciable controversy between the parties as to the production of documents responsive to Plaintiffs' FOIA Request.

32. Unless enjoined by this Court, USCIS will not comply with its obligations under FOIA to release the requested information.

33. Plaintiffs and the public at large will be substantially damaged and harmed if the Court does not enjoin and order USCIS to produce the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs NYIC and IJC respectfully request that this Court provide the following relief:

A. Declare that USCIS violated FOIA by failing to promptly produce records responsive to Plaintiffs' FOIA Request;

B. Enjoin USCIS from withholding records responsive to Plaintiffs' FOIA Request;

C. Order USCIS to immediately and expeditiously search for and disclose the records requested in Plaintiffs' FOIA Request within a reasonable time limit set by the Court;

D. Order that this case be expedited in light of the government's non-cooperation with Plaintiffs' FOIA Request;

E. Award Plaintiffs' costs and reasonable attorneys' fees as provided by 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other and further relief as this Court may deem just and proper.

Dated: July 18, 2019
      New York, New York

                                                Respectfully submitted,

                                                /s/ Jeffrey A. Rosenthal
                                                Jeffrey A. Rosenthal
                                                (jrosenthal@cgsh.com)
                                                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                                One Liberty Plaza
                                                New York, New York  10006
                                                T: 212-225-2000
                                                F: 212-225-3999

                                                Attorneys for Plaintiffs
Of Counsel                                  New York Immigration Coalition; and
   Kyle A. Dandelet                      Immigrant Justice Corps